## THE MACONA.

(District Court, S. D. New York. May 13, 1920.)

Salvage ⟨⊗⟩18—Seamen not entitled for services to stranded vessel not abandoned.

> The seamen of a vessel, which stranded before the voyage was terminated, but which had not been abandoned, are not entitled to salvage for services in getting the vessel afloat, which were arduous and more exacting than the usual work at sea, but which entailed no hardship, and required no labor outside of usual working hours, except that which was paid for as overtime.

In Admiralty. Libel by H. Gjessing and others against the steamship Macona and the Barber Steamship Lines, Incorporated. Libel dismissed.

Isidore A. Rabinow, of New York City, for libelants.
John W. Crandall, of New York City, for respondents.

LEARNED HAND, District Judge. The rule in this circuit applicable to this class of cases was laid down in what for me must be taken as authoritative form in The C. P. Minch, 73 Fed. 859, 20 C. C. A. 70 (C. C. A. 2d). There a schooner on the Lakes had been overtaken by tempestuous weather and, was pounding on a bar. Her master and part of the crew left, but the mate and two of the crew, with two passengers, remained. Eventually she was brought to safety through the efforts of the mate. The services were highly meritorious, but, as there had been no definite abandonment, the libel was dismissed, following the decisions in The John Perkins, Fed. Cas. No. 7,360, and The Acorn, Fed. Cas. No. 10,252. In The C. F. Bielman (D. C.) 108 Fed. 878, affirmed Gilbraith v. Stewart Transp. Co., 121 Fed. 540, 57 C. C. A. 602, 64 L. R. A. 193 (C. C. A. 7th), the same rule was applied under circumstances very like the case at bar, except that there was some color to assert that she was abandoned. The vessel completed her voyage as here, and in The C. P. Minch, supra. Very recently, in The Georgiana, 245 Fed. 321, 157 C. C. A. 513, the Circuit Court of Appeals for the First Circuit allowed salvage in a similar case, but precisely for the reason that there had been a final abandonment.

Therefore there is no reason in the later cases to question the rule, laid down by Judge Lacombe in The C. P. Minch, supra, that either the vessel must be a total loss or she must be abandoned by her master. The language of Justice Story, in The Hope, 10 Pet. 108, 122, 9 L. Ed. 363, has at times led to contrary suppositions, but in The C. F. Bielman, supra, it was explained as not inconsistent with the rule. Justice Story, in The Two Catherines, Fed. Cas. No. 14,288, showed, I think, what he meant by his subsequent language in The Hope, supra. While the old and harsh rule obtained which made wages dependent upon freight, courts were glad to snatch at any excuse under the name of salvage to avoid its consequences. But, even in that case,

the vessel was an abandoned wreck, of which only some of the gear was salved.

In the case at bar, with every allowance, I can see no reason to treat the case as one of hardship. There was certainly no danger, not even the usual dangers of the sea; and while the work was more exacting than the usual work at sea, it cannot by any stretch of imagination be considered as comparable to work which seamen are repeatedly called upon to perform in the usual· course of their duties. The weather was not cold, and there were no storms; the work was not performed in water, and, while it was monotonous and long, it entailed no hardship or exhaustion, since it was performed only at regular hours, except for the overtime, for which the men were paid extra. A seaman's work is not capable of nice definition, and is notoriously irregular in its demands upon him. When he signs the articles, he accepts obligations which in the long history of the sea have always subjected him to periods of intense, and at times protracted and exhausting, labor, as at other times they permit him long periods of relative ease, at least in modern times. It will not, I think, tend to improve the conditions of his employment to try exactly to parcel out just when his work as seaman ends; certainly it will make difficult that discipline which at sea, if anywhere, must remain a condition of safety. To make an award in the case at bar I must hold that, whenever a ship is upon a strand, the duties of the crew are at an end, and that they are not obliged, by virtue of their duties as such, to do their utmost to lighten her, so that she may proceed upon her voyage.

Libel dismissed, without costs.