## THE SUPERIOR (two cases).

(District Court, E. D. New York. December 8, 1920.)

1. Salvage ⟳2, 18—Right of crew to salvage is governed by law of vessel's nationality.

   On libel by the crew of a Norwegian vessel for salvage against their own vessel, the law of Norway applies, and under that law the crew cannot recover salvage.

2. Salvage ⟳18—Vessel held not completely abandoned by crew.

   Where a vessel, which was drifting toward a rocky shore, was left by the crew under orders of the master, but thereafter the master and the men in his boat returned to the vessel, after discovery that the anchor had caught and held, there was not such complete abandonment of the vessel as would entitle the crew to salvage for rescuing her.

3. Seamen ⟳18—Can recover extra wages for bringing in short-handed an abandoned ship.

   Under Norwegian Maritime Code, seamen, who brought home a ship after it had been abandoned by half the crew under orders of the master, are entitled to extra wages for performing a task not contemplated when the articles were signed, though they are not entitled to salvage.

4. Seamen ⟳21—Crew ordered to abandon vessel can recover wages and effects.

   Members of a crew who are ordered to abandon the vessel by the master when it apparently was drifting on the rocks can recover for wages and the value of their personal effects after the master and his boat crew returned to the vessel and sailed her to port, where the failure of libelants to return with the master was due to a misunderstanding of sig-

---

⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

nals, or to inability to return against the current, and thereafter they made reasonable efforts to reach the vessel.

In Admiralty. Separate libels by one Anderson and others and by one Jensen and another against the Superior. Decrees rendered for libelants.

Silas B. Axtell, of New York City, for libelants.

Haight, Sandford, Smith & Griffin, of New York City (Herbert K. Stockton, of New York City, of counsel), for claimant.

GARVIN, District Judge. The Norwegian ship Superior, on voyage from Manila to New York, was bearing toward Cape Bangko on January 9, 1919. As she attempted to make an entrance through Lombok Strait, Dutch East Indies, she was carried by cross-currents toward the rocky shore and her destruction appeared imminent. Her captain and crew, fearing they would be lost with the ship, got into two small boats and rowed away. Before they were out of sight, it was observed that her anchor, which was cast over as they left, had caught and was holding. The captain's boat thereupon returned, found the vessel unharmed, and navigated her safely to New York. The other boat did not return, and her occupants, after making several attempts, finally landed and waited until the following morning, when they tried to return to the Superior, only to find that she had sailed. They searched for several days without result, and later reached Sourabaya, Java, and were taken before the Norwegian consul there, by whom they were paid off up to and including January 9, 1919.

There is a conflict of testimony as to why one boat returned, and the other, in charge of the mate, did not; but the evidence warrants the finding that the master ordered all hands off the ship, that he directed his boat to return, and that the other boat was justified in not returning with the captain. From the entire record it appears that, while the captain may have signaled the other boat to return, either his signal was not observed or the current was such that the mate's boat could not go back with that of the captain.

Anderson and others of the crew, who returned to the Superior, have brought an action for salvage; Jensen and Lehto, who were in the mate's boat, have each sued for $325 wages, besides waiting time and personal effects, of the value of $75, which each left on board the Superior. The actions have been tried together.

[1] In the Anderson case there should be no award by way of salvage. The Superior was a Norwegian vessel. The Norwegian law must control. The Ucayali (D. C.) 164 Fed. 897, Rainey v. New York & P. S. S. Co., Ltd., 216 Fed. 449, 132 C. C. A. 509, L. R. A. 1916A, 1149. The claimant produced Mr. Arne Rygh, who impressed the court as a careful, reliable witness, thoroughly competent to testify with respect to the law of Norway; his testimony establishes that under Norwegian law a crew cannot recover for salvage.

In the Anderson case the libelants refer to The Georgiana, 245 Fed. 321, 157 C. C. A. 513. In that case the crew left the vessel, which had grounded, in dories, because it was unsafe to remain aboard

longer. The master told them "it was all off." One of the dories, having lost sight of the others, returned, found the vessel afloat, boarded her, and after considerable difficulty beached her without damage. A wrecking steamer later took her away in a reparable condition. The facts are not unlike those with which we are concerned but the case cannot control because we are bound by the Norwegian law.

[2] Even if Norwegian law does not apply, the case of Gjesseng v. S. S. Macona (S. D. N. Y., decided May 13, 1920) 269 Fed. 468, precludes any recovery for salvage in the absence of a definite abandonment. The crew of the Superior left because they thought the boat would be dashed to pieces; when, in a short time, they found their fears were not well founded, they returned at once. This is not such a complete abandonment as released them from their duty to their ship.

[3] It is plain, however, that the libelants in the Anderson case were called upon to perform a task which was not contemplated when their articles were signed, in bringing their ship to port short-handed. For this they should receive compensation. They are awarded the sum of $2,922.96, not by way of salvage, but as extra wages provided by section 95 of the Norwegian Maritime Code.

[4] Jensen and Lehto, the libelants in the second action, should have a decree; the court finding as a fact that they were not deserters, were fully justified in leaving the ship, and made a reasonable effort, in good faith, to return. They were abandoned by their ship in a foreign land, by reason whereof they are entitled to prevail in their action.